UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| THEODORE RICHARD, Individually and Behalf of All Others Similarly Situated, §§§§§ *Plaintiff*, § § v. § § VELOCITY CONSTRUCTION & INDUSTRIAL SERVICES LLC, §§§§ *Defendant*. § | No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Theodore Richard (hereafter referred to as "Plaintiff") bringing this lawsuit to recover unpaid overtime wages from Defendant Velocity Construction & Industrial Services LLC(referred to as "Defendant" or "Velocity"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum

wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Velocity violated the FLSA by employing Plaintiff "for a workweek longer than forty hours [but refusing to compensate him] for [his] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

4. Velocity violated the FLSA by failing to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

## II. Jurisdiction & Venue

5. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

6. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendant resides in the Pecos Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Pecos Division of the Western District of Texas.

## III. Parties

7. Theodore Richard is an individual who resides in Caddo Parish, Louisiana and who was employed by Velocity during the last three years.

8. Velocity Construction & Industrial Services LLC is a Texas limited liability company that may be served with process by serving its registered agent:

Ari Aguilera
10129 Milan
El Paso, Texas 79924

Alternatively, if the registered agent of Velocity Construction & Industrial Services LLC cannot with reasonable diligence be found at the company's registered office, Velocity Construction & Industrial Services LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

9. Whenever it is alleged that Defendant committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Velocity or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

IV. Facts

11. Velocity is a construction company for civil, commercial and industrial projects; it does business in the territorial jurisdiction of this Court.

12. Velocity employed Theodore Richard as a lead technician from approximately December 2018 to July 2019; he was primarily responsible for hydrotesting pipelines for the oil and gas industry in Odessa, Midland, Mentone, Ft. Stockton, Pecos and the surrounding areas.

13. During Plaintiff's employment with Velocity, he was engaged in commerce or the production of goods for commerce.

14. During Plaintiff's employment with Velocity, the company had employees engaged in commerce or in the production of goods for commerce.

15. During Plaintiff's employment with Velocity, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

16. During Plaintiff's employment with Velocity, the company had an annual gross volume of sales made or business done of at least $500,000.

17. Velocity paid Plaintiff on a salary basis.

18. Plaintiff's primary duties were nonexempt.

19. Plaintiff's primary duties did not include office or nonmanual work.

20. Plaintiff's primary duties were not directly related to the management or general business operations of Velocity or its customers.

21. Plaintiff's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

22. Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

23. Instead, Plaintiff was required to follow the policies, practices and procedures set by Velocity.

24. Plaintiff did not have any independent authority to deviate from these policies, practices and procedures.

25. During Plaintiff's employment with Velocity, he regularly worked in excess of forty hours per week.

26. Velocity knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

27. Velocity did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

28. Instead, Velocity paid Plaintiff a fixed sum of money regardless of the number of hours he worked.

29. In other words, Velocity paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

30. Velocity knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

31. Velocity failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

32. Velocity knew or showed a reckless disregard for whether its pay practices violated the FLSA.

33. Velocity is liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

34. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

35. During Plaintiff's employment with Velocity, he was a nonexempt employee.

36. As a nonexempt employee, Velocity was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

37. Velocity did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

38. In other words, Velocity paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

39. If Velocity classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

40. Velocity knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Velocity willfully violated the overtime requirements of the FLSA.

## VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

41. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

42. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

43. In addition to the pay violations of the FLSA described above, Velocity also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—Collective Action Allegations

44. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

45. On information and belief, other employees have been victimized by Defendant's violations of the FLSA identified above.

46. These employees are similarly situated to Richard because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied regular wages at their regular rate and overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

47. Defendant's policy or practice of failing to pay regular and overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

48. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

49. All employees of Defendant, regardless of their rates of pay, job titles or locations in which they worked who were not paid at their regular rates for all hours worked and/or at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former technicians who were not paid overtime compensation during the last three years.

50. Defendant is liable to Plaintiff and all other Technicians for the difference between what it actually paid them and what it was legally obligated to pay them.

51. Because Defendant knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Defendant owes Plaintiff and the members of the putative class their unpaid overtime wages for at least the last three years.

52. Defendant is liable to Plaintiff and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

53. Plaintiff is liable to Hernandez and the members of the putative class for their reasonable attorneys' fees and costs.

54. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on her behalf and on behalf and all other putative class members.

## VIII. Prayer

55. Plaintiff prays for the following relief:

   a. judgment awarding Plaintiff all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   b. postjudgment interest at the applicable rate; and

   c. all such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739